

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

O- 2818

Dear Sir:

Opinion No. 0-2818
Re: Authority of Commissioners'
Court to make a delinquent
tax contract beginning January
1, 1941, there being only one
change in the personnel of the
Commissioners' Court.

In your letter of October 10, 1940, you submit
to us the following facts: The contract between Erath County
and certain attorneys for the collection of delinquent taxes
ends on December 31, 1940, and the parties desire at this
time to enter into another such contract beginning on January
1, 1941. The incumbent county attorney, county judge and
three county commissioners have been re-nominated and will
doubtless be re-elected at the coming general election, but
one of the commissioners will not succeed himself. It is pro-
posed to obtain a ratification or approval of the contract by
the man who has been nominated by the Democratic party to suc-
ceed the out-going commissioner. You request our opinion as
to whether or not such contract may be properly and legally
entered into by the County.

We have heretofore pointed out that these contracts
evidence an employment of a very personal and confidential
nature and have expressed the view that they cannot be made
to extend beyond the term of office of the commissioners'
court making the contract. Opinions Nos. 0-289 and 0-257.
There is no need to repeat our reasons for the holding, as
you have copies of those opinions. We adhere to that hold-
ing in this case. The Democratic nominee to the office held
by the commissioner who will not succeed himself is not yet
an officer and will not be until he qualifies and takes over
at the end of the year. Clearly he cannot now estop himself
or legally bind himself now by contract as to his future of-
ficial duties. If, after qualification, he should see good

reasons for not making this contract it would be his duty to vote against it and give the other members of the commissioners' court the benefit of such reasons, which might result in a refusal to enter into the contract. He must be free to act after he is inducted into office. We therefore answer your question in the negative. We note the attached letter of one of the attorneys mentioning the hiatus between the expiration of the present contract and the effective date of the one to be made next year. Under our view of the question, there will necessarily be a period of time during which no contract will be in effect, but feel that it can be held to a very few days upon prompt action of the commissioners' court, the interested attorneys, the Comptroller's and Attorney General's Departments.

Your letter indicates that you would like for us also to express ourselves as to the legality of such contracts made by counties in which all members of the commissioners' court, including the county judge, and the county attorney have been re-elected. Where this is true, the reasons which forbid the making of such extended contracts have substantially failed, and in such cases we will approve contracts extending beyond the incumbent officers' terms, if there are no other objections. On this point we cite Cameron vs. Earnest, 34 S. W. (2) 685. It will be kept in mind, however, that this cannot be done until re-election is had at the general election in November.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:db

APPROVED OCT 22, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

